**No. 40811.**—Protests 927804–G, etc., of Geo. E. Mallinson Importing Co., Inc. (New York).

Opinion by KINCHELOE, J. In accordance with stipulation of counsel and on the authority of Abstract 39513 the merchandise in question was held dutiable at 35 percent under paragraph 921 as claimed.

MARCH 7, 1939

**No. 40812.**—▬▬▬▬▬—Protest 944161–G of Eastern Grain Elevator Corp. Abstract 40579. Application by plaintiff for rehearing granted.

MARCH 13, 1939

**No. 40813.**—▬▬▬▬—Protest 960196–G of Balfour Guthrie & Co., Ltd. Abstract 40596. Application by Government for rehearing denied.

MARCH 13, 1939

**No. 40814.**—SUIT 4169.—▬▬▬▬▬▬—*Eastman Kodak Co.* v. *United States.* T. D. 49418 affirmed.

**No. 40815.**—SUIT 4175.—▬▬▬▬—*Eastman Kodak Co.* v. *United States.* T. D. 49478 affirmed.

BEFORE THE FIRST DIVISION, MARCH 14, 1939

**No. 40816.**—Protest 933249–G of S. Lisk & Bro. (New York).

SULLIVAN, Judge: The official sample of the merchandise in question consists of a so-called monocle or single eyeglass. It does not possess any magnifying power, and does not appear to be adapted to serious use. It is composed of ordinary glass enclosed in a rim of black metal embodying a handle of the same material. It was received in evidence as Exhibit 1.

The collector of customs at the port of New York classified this merchandise as a toy or an article chiefly used for the amusement of children, and assessed duty thereon as such at 70 percent ad valorem under paragraph 1513, Tariff Act of 1930.

The protest covers a variety of merchandise and makes several claims. Plaintiffs' counsel at the trial, however, has ignored all the merchandise excepting the so-called monocles, item 10157, and stated that the claim relied on by him is "that the merchandise is properly dutiable as a manufacture of glass, at 60 percent, in chief value of glass, as a monocle, under par. 218."

The Government concedes that the merchandise is in chief value of glass.

At the trial plaintiffs' counsel offered in evidence the record in protest 905920–G, involving the same merchandise, and for the same plaintiff. The record was received in evidence.

First: Is this merchandise a toy, or an article chiefly used for the amusement of children?